**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 13-24081-CIV-GOODMAN**

**[CONSENT CASE]**

YADER JOSE MENDOZA and all others
similarly situated under 29 U.S.C. 216(B),

      Plaintiff,

v.

DISCOUNT C.V. JOINT RACK & PINION
REBUILDING, INC.,
JUAN LOPEZ, and
LUIS E. TORRES-VISAEZ,

      Defendants.
_____/

**ORDER ON DEFENDANT JUAN LOPEZ'S MOTION TO DISMISS**

THIS CAUSE came before the Court on Defendant Juan Lopez's Motion to

Dismiss Under Rule 12(b)(6) For Failure to State a Claim Upon Which Relief Can Be

Granted (the "Motion"). [ECF No. 12].

The Court has reviewed the Motion, the response [ECF No. 13], the reply [ECF

No. 14] and other pertinent portions of the record. For the reasons stated below, the

Court **DENIES** the Motion.

## I.      BACKGROUND

On November 8, 2013, Plaintiff Yader Jose Mendoza ("Plaintiff") filed this action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 1].    According to the allegations in the Complaint, Defendant Discount C.V. Joint Rack & Pinion Rebuilding, Inc. ("Discount")[1] employed Plaintiff as a front end technician and stock clerk from July 15, 2010 through July 14, 2013.  [ECF No. 1 at ¶ 12].  Defendant Juan Lopez ("Lopez") was the corporate officer and owner of Discount for the "first year" of the relevant time period and ran the day-to-day operations. [*Id.* at ¶ 5].   Plaintiff alleges that Lopez was therefore his employer pursuant 29 U.S.C. § 203(d) during the first year of the relevant time period.  Plaintiff asserts that Defendant Luis E. Torres-Visaez ("Torres-Visaez") was also his employer during the entire relevant time period.

Plaintiff claims that Defendants Discount, Lopez and Torres-Visaez (collectively the "Defendants") willfully and intentionally refused to pay overtime wages as required by the FLSA during the relevant time period. [*Id.* at ¶ 17].  Although the Complaint does not define the relevant time period, Plaintiff's Statement of Claim designates it as November 8, 2010 through July 14, 2013. [ECF No. 7].

---

[1]      Plaintiff also alleges that Discount is a joint enterprise with Estrella Auto Service, Inc. ("Estrella").  Estrella is not named as a Defendant and does not appear to be relevant in determining the present motion.

Lopez moved to dismiss the claims against him, arguing he ceased being Plaintiff's employer on October 18, 2010 -- when he sold his interest in Discount to Torres-Visaez. [ECF No. 12, ¶ 4].   In support of his argument, Lopez attached a purchase contract evidencing the sale.   This contract appears to reflect that Lopez was not Plaintiff's employer during the relevant time period.   As a result, Lopez argues that Plaintiff's claims against him are barred by the FLSA's statute of limitations.

## II.      DISCUSSION

### A.   <u>Standard on Motion to Dismiss</u>

In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true.   *Jackson v. Okaloosa Cnty., Fla.*, 21 F. 3d 1531, 1534 (11th Cir. 1994).   Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   *Ashcroft v. Iqbal,* 129 U.S. 1937, 1950 (2009) (quoting rule).   In determining a motion to dismiss, the court must only look to the four corners of the Complaint and any attached exhibits.   *Vitola v. Paramount Automated Food Servs. Inc.,* No. 08-61849, 2009 WL 3242011 at *3 (S.D. Fla. Oct. 6, 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Instead, a plaintiff must plead enough facts to state a plausible basis for the claim.  *Id.*  Under *Iqbal* and *Twombly,* a plaintiff cannot plead bare-bones factual allegations in his complaint; however, a plaintiff is not required to plead hyper-detailed allegations in order to survive a motion to dismiss either. *See, e.g., Ceant v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-20159-CIV, 2012 WL 2428536, at *3 (S.D. Fla. June 27, 2012) (granting motion to dismiss but noting that "the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage.") .

### B.  <u>Statute of Limitations under the FLSA</u>

Lopez argues that the FLSA's statute of limitations bars Plaintiff's claims against him.  Under the FLSA, any cause of action must commence within two years after the cause of action has accrued or within three years if the violation was willful. *See* 29 U.S.C. § 255(a).  An action is deemed "commenced" on the date the Plaintiff files the Complaint.  *Id.* at § 256.

Lopez asserts that he sold his interest in Discount to Torres-Visaez on October 18, 2010. [ECF No. 12, ¶ 4].  If this assertion is accurate, then the claims against Lopez would fall outside of the three year statute of limitations for willful FLSA violations.[2] However, the Court may only look at the four corners of the Complaint when ruling on a motion to dismiss and may not consider other documents filed in response. *Vitola*,

---

[2]     Plaintiff alleges that the Defendants willfully and intentionally refused to pay Plaintiff's overtime wages in violation of the FLSA.  [ECF No. 1, ¶ 17]

2009 WL 3242011 at *3.   On its face, the Complaint states a plausible claim against Lopez.   Indeed, Plaintiff alleges that Lopez was his employer "for the first year of the relevant time period." [ECF No. 1, ¶ 5]. Because the purchase contract is not a part of the Complaint, at this stage the Court cannot consider the dates set forth therein.   Based on the Complaint, the "first year" could be from July 10, 2010 to July 15, 2011.[3]   Part of this "first year" would clearly fall within the statute of limitations.    There is a conflict between the allegations in the Complaint and Lopez's allegations regarding his time at Discount, but this dispute flows from factual issues to be resolved on a motion for summary judgment or at trial.

III.    **CONCLUSION**

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Juan Lopez's Motion to Dismiss [ECF No. 12] is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida, March 13, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[3]     Although the Statement of Claim defines the relevant time period as November, 2010 to November, 2011, this does not change the analysis.

5