# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 13-24081-CIV-GOODMAN

### [CONSENT CASE]

YADER JOSE MENDOZA and all others
similarly situated under 29 U.S.C. 216(B),

      Plaintiff,

v.

DISCOUNT C.V. JOINT RACK & PINION
REBUILDING, INC.,
JUAN LOPEZ, and
LUIS E. TORRES-VISAEZ,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Yader Jose Mendoza's ("Plaintiff")

Motion for Partial Summary Judgment (the "Motion"). [ECF No. 39]. Defendants failed

to file a response in opposition. The Court has reviewed the Motion[1] and relevant

_____

[1]     Plaintiff's Motion is not double-spaced, as required by the Scheduling Order entered in this case. [ECF No. 21, p. 12]. The Undersigned's routine practice is to strike submissions that fail to meet the requirements outlined in the Scheduling Order -- including spacing. While the Undersigned has not done that here, the parties are advised that all future filings must be double-spaced.

portions of the record. For the reasons outlined below, the Motion is **granted in part and denied in part**.

## I.   <u>Background</u>

Plaintiff Yader Jose Mendoza ("Plaintiff") filed this action on November 8, 2013, seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. [ECF No. 1]. According to the allegations in the Complaint, Defendant Discount C.V. Joint Rack & Pinion Rebuilding, Inc. ("Discount") employed Plaintiff as a front end technician and stock clerk from July 15, 2010 through July 14, 2013. [ECF No. 1 at ¶ 12]. Plaintiff asserts that Defendant Luis E. Torres-Visaez ("Torres-Visaez") was the corporate officer and owner of Discount for the relevant time period and ran Discount's day-to-day operations.[2] [*Id*. at ¶ 6]. Plaintiff alleges that Lopez was therefore his employer pursuant 29 U.S.C. § 203(d).  [*Id*.].

Plaintiff claims that Defendants Discount and Torres-Visaez (collectively, the "Defendants") willfully and intentionally refused to pay overtime wages as required by the FLSA during the relevant time period. [*Id*. at ¶ 17]. Although the Complaint does not define the relevant time period, Plaintiff's Statement of Claim designates it as November 8, 2010 through July 14, 2013. [ECF No. 7]. Plaintiff alleges that he was not

---

[2]      An additional Defendant, Juan Lopez, was also named in the Complaint. [ECF No. 1].  Plaintiff alleged Lopez was Plaintiff's employer for a portion of the time he worked at Discount. However, Plaintiff filed a notice of voluntary dismissal, with prejudice, as to Defendant Juan Lopez on April 30, 2014. [ECF No. 29].

paid at all for approximately eight hours of overtime per week during the relevant time period. [*Id.*].

II.     **Discussion**

     a.  **The Motion**

Plaintiff's summary judgment Motion asks the Court to find that:

1)      FLSA individual and enterprise coverage (and therefore subject matter jurisdiction) exists for the relevant time period;

2)      Defendant Torres-Visaez was, along with Discount, Plaintiff's "employer" for FLSA liability purposes;

3)      The executive/supervisory and administrative exemptions are not applicable in this matter and therefore Plaintiff is not an employee exempt from FLSA requirements; and

4)      Liability has been established, and therefore, at trial, the jury will only need to determine the amount of damages.

[ECF No. 39, pp. 1-2].

As noted, Defendants failed to oppose the summary judgment Motion, which was filed on March 9, 2015, along with Plaintiff's Statement of Undisputed Material

Facts (as required by Local Rule 56.1).[3] [ECF Nos. 39; 40]. The time do so has long since

passed, and this Motion is now ripe for review.

### b. The Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, affidavits

and exhibits show that there is no genuine issue of material fact, and that the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of

the claim under applicable substantive law which might affect the outcome of the case.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d

642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole

could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646.

On a motion for summary judgment, the court must view all the evidence and all

factual inferences drawn therefrom in the light most favorable to the non-moving party

and determine whether the evidence could reasonably sustain a jury verdict for the

non-movant. *Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. Thus, if "conflicts arise

---

[3]     Plaintiff previously submitted a summary judgment motion, on January 15, 2015.
[ECF No. 32]. The parties then filed an agreed motion to extend the discovery deadline
and the deadline to file summary judgment motions. [ECF No. 36]. The Undersigned
granted that motion, and Plaintiff subsequently filed the Motion at issue here. [ECF
Nos. 37; 39]. The Undersigned then denied the first-filed summary judgment motion as
moot, in light of this Motion. [ECF No. 41]. Defendants failed to oppose either summary
judgment motion.

between the facts evidenced by the parties, we [must] credit the nonmoving party's version*." Feliciano v. City of Miami Beach*, No. 12-11397, 2013 WL 425445, at *2 (11th Cir. Feb. 5, 2013) (emphasis in original) (internal citations and quotations omitted).

### c.  <u>Plaintiff is an Individual Covered by the FLSA, but the Motion is Denied as to Enterprise Coverage.</u>

To establish an FLSA claim, a plaintiff must show, among other things, **either** "individual coverage" **or** "enterprise coverage." 29 U.S.C. § 207(a)(1). Plaintiff's Motion asks the Court to find that Defendant Discount is an enterprise engaged in commerce under the FLSA, **and also** that Plaintiff is an individual covered by the FLSA. The Motion is granted as to individual coverage, but denied as to enterprise coverage. Each is evaluated in turn below.

Before reaching that analysis however, the Court must first address the procedural posture of this case, and specifically Defendants' failure to oppose the summary judgment Motion. Defendants' Answers[4] deny allegations in the Complaint related to enterprise coverage and FLSA individual coverage, but it appears, based on the pretrial stipulation and the failure to oppose summary judgment, that Defendants

---

[4]     Each Defendant filed a separate Answer. [ECF Nos. 9; 10].

may no longer wish to contest these issues, at least not at this stage.[5] However, the Court's inquiry cannot end there.

Even where a local rule allows for motions to be granted by default, such as Local Rule 7.1(c) in this district, that rule cannot form the sole basis for granting a summary judgment motion. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) ("local rules cannot provide that summary judgment by default is appropriate."); *see also Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (upholding summary judgment because ruling was supported by evidentiary materials of record and not solely based on the non-movant's failure to oppose the motion). Instead, the Court takes all reasonable inferences in favor of the non-moving party -- the Defendants here. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1313 (11th Cir. 2013). While the Court can accept Plaintiff's uncontroverted statement of facts as undisputed, those facts must, of course, actually support the movant's legal position. Here, the facts support a finding of individual FLSA coverage, but not enterprise coverage.

---

[5]     The parties filed a joint pretrial stipulation, on April 8, 2015, after the Motion was filed. [ECF No. 42]. While Plaintiff lists each of his sought-after summary judgment rulings as an issue remaining to be resolved on the pretrial stipulation, Defendants only list item three -- whether Plaintiff was an exempt administrative or executive employee -- as an issue of fact which remains to be litigated at trial.

### i)  <u>Individual Coverage</u>

For individual coverage to apply under the FLSA, Plaintiff must prove that he was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)).[6] The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 121 (1946); *Warren–Bradshaw Drilling Co. v. Hall* 317 U.S. 88, 90 (1942).

The test to determine whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld,* 319 U.S. 491, 497 (1943). In the Eleventh Circuit, to be covered under the FLSA, Plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne,* 448 F.3d at 1266. That participation must be "a substantial part of [Plaintiff's] work" in order for an FLSA plaintiff to successfully invoke individual coverage. *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943) (holding that individual coverage is established "[i]f a substantial

---

[6]     According to the statute, "no employer shall employ any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation . . . at a rate no less than one and one-half times the regular rate"). 29 U.S.C. § 207(a)(1).

part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]").

The following facts related to Plaintiff's claim for individual coverage are undisputed, for purposes of this Motion: (1) Plaintiff made calls out of state to order auto parts/components necessary for Discount's work (rebuilding automobile components); (2) Plaintiff spoke by telephone once a week with out-of-state customers, primarily in Illinois; (3) Plaintiff was involved in processing the interstate purchase of automobile parts; (4) Plaintiff's primary duty was to assemble and rebuild constant velocity ("CV") axles, using components that were often shipped to Defendants from out-of-state, and then either installed in cars locally, though the cars often had out-of-state license plates, or shipped elsewhere; (5) Plaintiff assisted in off-loading trucks arriving from out-of-state; and (6) Plaintiff "**regularly and daily**" handled components "that were being **shipped to and from business inside and outside the state of Florida**, for example, from California, Chicago, [New] Jersey, and New York." [ECF No. 40 (emphasis added)].

As Plaintiff notes, the case of *Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla.) *aff'd*, 314 F. App'x 179 (11th Cir. 2008), is very much on point. There, then-district-court (and now Eleventh Circuit) Judge Adalberto Jordan found that an

employee at a local auto repair shop *was not* an individual covered by the FLSA. The auto repair shop in that case purchased parts from local parts dealers who often received those parts from out-of-state suppliers. The parts were then installed in local customers' cars. Plaintiff attempted to argue that the parts' interstate journey continued from out-of-state until the parts were installed in actual customers' cars, and that he was therefore an individual engaged in interstate commerce. The court, however, disagreed, noting that "the interstate journey stops when the parts reached the local dealer." *Id.* at 1226.

This is markedly different than Plaintiff's case. Discount not only installs parts that they rebuild, using components received **directly** from out-of-state, in local customers' automobiles, **they also do business with out-of-state customers.** Plaintiff's primary duty was to assemble and rebuild CV axles, **regularly using parts shipped directly to Discount from out-of-state**.[7]

---

[7]     In his deposition, Defendant Torres-Visaez stated that his customers were *only* in the state of Florida. [ECF No. 47, pp. 49-50]. However, Plaintiff's affidavit, submitted in support of the Motion, states there were customers out-of-state. [ECF No. 39-3, p. 3]. Defendants failed to submit a statement of facts in opposition to Plaintiff's statement of facts. Local Rule 56.1(b) provides that where a non-movant fails to submit an opposing statement of facts, the Court may deem facts in the Movant's statement of facts as admitted, provided the statement is supported by evidence in the record. Here, Plaintiff's affidavit supports his statement of facts. In addition, individual coverage is not solely based on the existence of out-of-state customers. The finding is also based on the fact that Discount *directly* receives components/parts from out-of-state suppliers, whom it regularly does business with.

In this way, Plaintiff's case is far more akin to *Alonso v. Garcia*, 147 Fed. App'x 815, 816 (11th Cir. 2005). There, the Eleventh Circuit found a plaintiff driver that worked entirely intrastate was nonetheless engaged in interstate commerce (and therefore individual FLSA coverage applied) because the goods "continued to flow in interstate commerce until they reached" the defendant's customers. That logic applies here. Discount purchased at least some parts directly from out-of-state, Plaintiff then rebuilt some of those parts into working CV axles, and then at least some of those rebuilt CV axles were shipped to out-of-state customers. This is ample grounds for individual FLSA coverage. *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973) (noting that the "engaged in commerce" language in the FLSA "is to be given a broad, liberal construction.").[8]

**ii)** **Enterprise Coverage**

Enterprise coverage may be shown by demonstrating that a defendant enterprise (i) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (ii) has an "annual

---

[8]      Fifth Circuit decisions issued on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

gross volume of sales made or business done [ ] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Plaintiff's argument that Defendants are subject to FLSA enterprise coverage is unavailing, at least at this stage. As Plaintiff notes, Discount's tax returns show that in several years of the relevant time period, its gross annual sales did not meet the $500,000 threshold. [ECF No. 39, pp. 8-9]. Plaintiff nonetheless seeks a summary judgment ruling that Defendants are subject to FLSA enterprise coverage on the grounds that: (1) tax returns are not dispositive proof of an FLSA defendant's annual sales; (2) Defendants actually had significantly more than $500,000 in annual sales, when considering cash sales not reflected on tax returns; and (3) in 2010 Defendants' tax return evidences sales in excess of the $500,000 threshold and the so-called "rolling quarter" presumes that the threshold is met in future years. [ECF No. 39, pp. 6-9]. These arguments are unavailing, at least at this stage.

While tax returns showing annual sales less than the requisite $500,000 may not be dispositive of the issue, they likely do preclude summary judgment that the threshold *has* been met, at least on these facts. Plaintiff's mental calculations of the value of certain cash sales is *not* enough to rebut the contents of those tax returns. *See Lopez v. Top Chef Investment. Inc.*, No. 07-21598, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (rejecting plaintiff's conclusory assertions that defendants had understated their income

on their federal tax returns and accepting the gross income figure on defendants' federal tax return in considering whether enterprise coverage existed)). In fact, while they are not required to, courts can, if they choose, rely on tax returns to determine an enterprise's total gross volume sales. *See Flores v. Nuvoc, Inc.,* 610 F. Supp. 2d 1349, 1355 (S.D. Fla. 2008) (internal citation omitted); *Thompson v. Robinson,* No. 6:06-cv-771-Orl-19JGG, 2007 WL 2714091, at *4 (M.D. Fla. Sep. 17, 2007).

In addition, while the rolling quarter method *can* be used to create a presumption that the threshold is met in future years, that presumption is rebuttable. 29 C.F.R. 779.266. Here, by Plaintiff's own admission, tax returns show less than the requisite $500,000. Those tax returns could rebut any presumption created using the rolling quarter method. *See Thompson v. Robinson, Inc.,* No. 06–cv–771–Orl–19JGG, 2007 WL 2714091, at *3–4 (S.D. Fla. Sept. 17, 2007) (finding that it was Plaintiff's burden to demonstrate that a company had an annual gross volume of sales made or business done in excess of $500,000 and granting summary judgment where Plaintiff failed to meet this burden and it was undisputed that Defendant's tax return "clearly . . . [indicated] that its revenue . . . [was] below the $500,000 threshold").

Plaintiff has failed to show there are no material facts in dispute as to enterprise coverage, and the Undersigned denies summary judgment on this point. Plaintiff is, of course, free to introduce additional evidence on this issue at trial, though it is likely

12

unnecessary to do so, given the Undersigned's finding that there is individual coverage in this case.

### d.  Defendant  Torres-Visaez is Individually Liable for FLSA Violations by Defendant Discount.

Plaintiff's Motion asks this Court to find that Defendant Torres-Visaez is individually liable for any FLSA violations in this case. The Motion is granted as to this request.

An FLSA plaintiff may seek relief from multiple employers, as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Kendrick v. Eagle Int'l Group, LLC,* Civ. No. 08-80909, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009). Under the FLSA, the term "employer" is **defined broadly** to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011).

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the

13

corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).

Federal courts look to the economic reality of the relationship between the parties in order to determine whether an individual FLSA defendant is an "employer" subject to FLSA liability. *Baltzley v. Berkley Group, Inc.,* No. 10-61194, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010). The Eleventh Circuit has explained that the economic reality test includes whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997) (quoting *Bonnette v. California Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir. 1983)).

No single factor is dispositive. *Santos v. Cuba Tropical, Inc.,* 829 F. Supp. 2d 1304, 1315 (S.D. Fla. 2011); *see also Herman v. RSR Sec. Svcs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (emphasis in original) ("Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive. Since economic reality is determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition.").

14

The evidence of record in this case supports a finding that Defendant Torres-Visaez was Plaintiff's employer along with Discount, for FLSA purposes, and therefore would be jointly and severally liable along with Discount for any FLSA violations. According to Torres-Visaez's deposition, he is the sole owner and president of Discount, and signs checks on behalf of Discount, including Plaintiff's and other employees' paychecks. [ECF No. 40-7, pp. 39-40]. Torres-Visaez has authority over Discount's day-to-day operations, maintains financial control over Discount, hires and fires employees, controls Discount's hours of operation, and negotiates employee pay. [*Id.* at pp. 40-41]. The economic reality is clearly that Torres-Visaez, Discount's owner and president, maintains operational control over Discount.

Plaintiff's request for a summary judgment ruling that, for purposes of this lawsuit, Torres-Visaez is an employer, as defined by the FLSA, is granted. Torres-Visaez is jointly and severally liable under the FLSA for any unpaid wages due to Plaintiff. *Patel*, 803 F.2d at 637-38.

### e. __Plaintiff is not Exempt from the FLSA as Either an Executive or Administrative Employee.__

The FLSA's overtime wage requirement does not apply to an employee employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1). Exemptions are narrowly construed against the employer. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004); *Walter v. Am. Coach Lines of Miami, Inc.*, 569 F.

Supp. 2d 1270 (S.D. Fla. 2008). The employer bears the burden of proving such an exemption applies, and must prove the applicability of an FLSA exemption by clear and affirmative evidence. *Klinedinst v. Swift Investments, Inc.,* 260 F.3d 1251, 1254 (11th Cir. 2001) (internal citation omitted).

Plaintiff seeks a summary judgment ruling that no exemption applies in this case, however, Plaintiff only offers argument related to the executive and administrative exemptions, and the Undersigned therefore only evaluates those exemptions here. While Defendants failed to oppose the summary judgment Motion, they do state, in the Joint Pretrial Stipulation, that there remains a factual issue to be resolved at trial as to whether Plaintiff was an exempt administrative or executive employee. [ECF No. 42, p. 3].

i.    The Executive Employee Exemption

An employee is subject to the executive exemption under the FLSA if the employer proves that: (1) the employee earns at least $455.00 per week in salary, (2) the employee's primary duty consists of the management of an enterprise or of a department thereof, (3) the employee customarily and regularly directs the work of two or more other employees, and (4) the employee has authority to hire or fire other employees or the employee's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are

given particular weight." 29 C.F.R. § 541.100(a). The ultimate inquiry for application of the executive exemption is whether Plaintiff's "primary duty" was "management." *Brillas v. Bennett Auto Supply, Inc.,* 675 F. Supp. 2d 1164, 1168 (S.D. Fla. 2009).

Plaintiff is not subject to the executive employee exemption. While Plaintiff did earn the requisite salary (he earned $750 per week), he meets no other requirements of the executive exemption test. According to Defendant Torres-Visaez's deposition testimony, Plaintiff's job title was "axles operator assistant," only one other person worked closely with Plaintiff, Plaintiff did not direct that person's, or any other person's, work, Plaintiff did not have the authority to hire or fire other employees, and Plaintiff did not implement or create management policies or business operations. [ECF No. 40-7, pp. 13-17]. Plaintiff's primary duty was quite clearly *not* management of any kind, he did not ever direct two or more persons, and could neither hire/fire employees or offer meaningful input on such decisions.

Plaintiff's Motion for summary judgment as to this issue is granted. Plaintiff is not an employee subject to the executive employee exemption.

ii.    The Administrative Employee Exemption

The administrative employee exemption exempts "any employee (1) compensated on a salary or fee basis at a rate of not less than $455 per week . . . ; (2) whose primary duty is the performance of office or non-manual work directly related to

the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.

Plaintiff's primary duty must relate to "management or general business operations" in order for the exemption to apply. 29 C.F.R. § 541.201(a). This means that the type of work performed by Plaintiff must directly relate to assisting with the running or servicing of the business "as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." *Id.* Such exempt work could include, for example, "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." *Id.* at (b).

The test requires that the "Plaintiffs' primary duty be office or **non-manual work** directly related to management policies or general business operations of [Discount] or its customers." *Hogan*, 361 F.3d at 626. Plaintiff, by Defendant's own admission, was an "axles operator assistant." [ECF No. 40-7, p. 13]. While Plaintiff, at times, spoke to customers or parts suppliers, and even assisted in parts purchasing, Plaintiff's day-to-

18

day work was as a front-end technician and stock clerk. [ECF No. 40, p. 1]. Plaintiff's

primary duty was to assemble and rebuild CV axles. [*Id.*]. This was for the most part

routine, rote work. In addition, it was, for the most part, manual work. There is no

evidence in the record that Plaintiff's primary duty involved the types of discretion and

independent judgment, as to matters of significance, to qualify him for the

administrative employee exemption. Plaintiff's Motion is granted as to this issue.

Plaintiff was not an employee subject to the administrative employee exemption.

f. **Whether Defendants are Liable Under the FLSA Cannot be Resolved
at this Stage.**

Plaintiff's Motion, in a single page of argument, also requests a summary

judgment ruling that liability has been established, and that the only issues remaining

for a jury trial is the amount of damages. This is premature, and the Undersigned

denies the Motion as to this request.

To support this argument, Plaintiff states that he worked Monday through

Friday during the relevant time period, from 8:00-8:30 a.m. until 5:00-5:30 p.m. or later,

and also on Saturdays, from 8:30 a.m. until between 3:00 and 5:00 p.m. According to

Plaintiff, while he was promised a thirty minute lunch, he never actually got a full thirty

minutes. Plaintiff argues that he was owed, but not paid for, eight overtime hours per week.[9] [ECF No. 39, pp. 19-20].

As noted, Defendants failed to submit an opposing statement of facts, however, review of Defendant Torres-Visaez's deposition shows there is at least some evidence to counter Plaintiff's assertions on the overtime issue. Torres-Visaez stated, in response to a question asking whether he believed Plaintiff was due any overtime wages, "Nothing. Absolutely nothing is owed to him." [ECF No. 40-7, p. 46]. Torres-Visaez stated that Plaintiff began work each day at around 9:15 or 9:20 a.m. and was finished by 4:20 p.m., and that he took at least one (and sometimes two) thirty minute breaks each day. [*Id.* at pp. 44-46]. On Saturdays, according to Torres-Visaez, Plaintiff worked until 1:30 p.m. If this is true, no overtime wages are owed.

It is not clear, based on this record, that Plaintiff is owed overtime wages. In addition, it is not clear that Defendants would be liable for such overtime wages. While the Undersigned has, by this Order, made several summary judgment rulings that may foreclose certain defenses (i.e. the executive and administrative exceptions, for

---

[9]     It appears that Defendants did not maintain time sheets or punch cards to record Plaintiff's work hours. However, Plaintiff and Defendants reviewed Plaintiff's weekly hours each week and made a record of those hours on each of his paychecks, which Plaintiff then signed, to confirm he agreed he had worked those hours. [*Id.* at pp. 43-44].

instance), it may be that some *other* defense precludes liability in this case. Plaintiff's

Motion is denied as to liability.

### III.   <u>Conclusion</u>

For the reasons set forth above, the Court **grants in part and denies in part**

Plaintiff's Motion for Summary Judgment as follows:

1)  Plaintiff is an individual covered under the FLSA;

2)  An issue remains as to whether Defendant Discount is an enterprise covered

under the FLSA;

3)  Individual Defendant Torres-Visaez was Plaintiff's employer along with

Discount, for FLSA purposes, during the relevant time period and therefore would be

jointly and severally liable along with Discount for any wages owed to Plaintiff;

4)  Plaintiff is not exempt from FLSA coverage as either an executive or

administrative employee;

5)  An issue remains as to whether Defendants are liable for FLSA violations in this

case.

      **DONE and ORDERED**, in Chambers, in Miami, Florida this 21st day of April

2015.

 

 

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE



Copies furnished to:

All counsel of record

22